RECEIVED
USDC, CLERK, CHARLESTON, S

2009 JUN 26  A 10: 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marco Harrison, #239792, ) | C. A. No. 2:08-3734-HFF-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Jonathan Ozmint, in his ) official capacity, ) | |
| Defendants. ) | |

The pro se plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On January 21, 2009, the defendants filed a motion to dismiss. By order of this court filed January 22, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. Despite this extension and explanation, the plaintiff elected not to respond to the motion.

As the plaintiff is proceeding pro se, the court filed a second order on March 4, 2009, giving the plaintiff an additional ten (10) days in which to file his response to the defendants' motion to dismiss. The plaintiff was specifically advised that if he failed to respond, this action may be dismissed with prejudice for failure to prosecute, Davis v. Williams, 588 F.2d

1

69, 70 (4th Cir. 1978), 41(b) Federal Rules of Civil Procedure. The plaintiff did not respond, and the undersigned recommended to the court that the action be dismissed.

On March 26 and April 2, the plaintiff moved for an extension of time to respond to the motion to dismiss and to oppose the recommendation of the undersigned.

On April 23, 2009, the court entered an Order remanding the action to the undersigned in light of the plaintiff's indications that he wished to proceed herewith.

Also on April 23, 2009, the plaintiff moved to amend his complaint by striking the name of the only defendant and substituting a new defendant for the original defendant and apparently adding four other individuals as defendants. On May 11, 2009, the original defendant opposed the amendment for failure to submit a proposed amended complaint setting out the causes of actions as to each defendant and because the defendant's motion to dismiss would make the amendment futile.

On May 13, 2009, the undersigned issued an order denying the plaintiff's motion to amend, but allowing the motion to be renewed by filing a copy of the proposed amended complaint. The undersigned noted the plaintiff might find it easier to dismiss the current complaint and file a new complaint naming the proper defendants and setting out his claims against each.

The Clerk of Court forwarded the Order denying the motion to amend to the plaintiff at his last known address at the Evans Correctional Institution. It was received at the Institution on May 18, 2009, and the plaintiff was given notice to pick up his court mail on that date as well as May 28 and June 5, 2009. The mail was not collected by the plaintiff, and the Order was received back by the Clerk of Court on June 12, 2009 with the notation that the correspondence had been refused by the plaintiff. The plaintiff has not otherwise communicated with the court or filed a proposed amended complaint.

Now it appears that the plaintiff does not wish to proceed against the currently named defendant, that his current motion to amend his complaint has been denied for failure to provide a copy of the proposed amended complaint, and that he has refused to collect court mail concerning his case.

Therefore it is recommended that this action be dismissed without prejudice because of the plaintiff's expressed desire not to prosecute the action against the only named defendant before the court and his failure to submit an amendment to the pending complaint.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
June 25, 2009

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

4